UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN BASCOMB, et al., | |
| Plaintiffs | CIVIL ACTION NO. 3:24-CV-01068 |
| v. | (MEHALCHICK, J.) |
| JOHNNIE L. JACKSON, II, et al., | |
| Defendants. | |

**MEMORANDUM**

Before the Court is a Rule 12 motion filed by Defendants Johnnie L. Jackson, II (" Jackson"), R&L Carriers, Inc., and Greenwood Motor Lines, Inc. (collectively, with R&L Carriers, Inc., "R&L," and collectively with Jackson, "Defendants"). (Doc. 8). This action arises out of a motor vehicle accident that occurred in Plains Township, Luzerne County, Pennsylvania. (Doc. 1, ¶¶ 10-14). For the following reasons, Defendants' motion will be **DENIED in part** and **GRANTED in part**. (Doc. 8).

I. **BACKGROUND AND PROCEDURAL HISTORY**

The following background is taken from the complaint original filed in the Luzerne County Court of Common Pleas by Plaintiffs Allen and Jocelyn Bascomb (the "Bascombs"). (Doc. 1-1). On June 24, 2022, the Bascombs were involved in a motor vehicle accident that allegedly implicated Jackson and R&L. (Doc. 1-1, at 10-11). According to the complaint, Jackson was driving a tractor-trailer owned by R&L when he collided with the Bascombs' vehicle on Interstate 81. (Doc. 1-1, at 10-11). As a result of the collision, the Bascombs assert a negligence claim against Jackson and a "negligence 'vicarious and direct'" claim against

R&L. (Doc. 1-1, at 15, 18). As relief, the Bascombs seek compensatory and punitive damages. (Doc. 1-1, at 20).

The Bascombs filed their complaint in the Luzerne County Court of Common Pleas on June 17, 2024. (Doc. 1-1). On June 28, 2024, the case was removed to this Court. (Doc. 1). On July 17, 2024, Defendants filed the instant motion to dismiss. (Doc. 8). On July 18, 2024, Defendants filed a brief in support of their motion. (Doc. 9). On July 30, 2024, the Bascombs filed a brief in opposition to the motion. Accordingly, the motion is ripe and ready for disposition.

## II. LEGAL STANDARD

### A. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions that are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not

2

entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions'. . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

      A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted).

3

The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

B. MOTION TO STRIKE

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The "purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Natale v. Winthrop Res. Corp.,* No. 07-2686, 2008 WL 2758238, at *14 (E.D. Pa. July 9, 2008) (internal quotation marks omitted).

"Content is immaterial when it has no essential or important relationship to the claim for relief. Content is impertinent when it does not pertain to the issues raised in the complaint. Scandalous material improperly casts a derogatory light on someone, most typically on a party to the action." *Champ v. USAA Casualty Insurance Company*, 2020 WL 1694372, at *2 (E.D. Pa. 2020) (*Lee v. Eddystone Fire & Ambulance*, No. 19-cv-3295, 2019 WL 6038535, at *2 (E.D. Pa. Nov. 13, 2019)) (quotation omitted). "[S]triking a pleading or a portion of a pleading 'is a drastic remedy to be resorted to only when required for the purposes of justice.'" *Lee v. Dubose Nat'l Energy Servs., Inc.*, No. 18-cv-2504, 2019 WL 1897164, at *4 (E.D. Pa. Apr. 29, 2019). Thus, motions to strike pursuant to Rule 12(f) are generally disfavored "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Natale*, 2008 WL 2758238, at *14 (quoting *River Rd. Devel. Corp. v. Carlson Corp.,* No. 89-7037, 1990 WL 69085, at *2 (E.D. Pa. May 23, 1990)); *see also Eddystone Fire*, 2019 WL 6038535, at *3.

4

Further, "[w]hen faced with allegations that could possibly serve to achieve a better understanding of plaintiff's claims or perform any useful purpose in promoting the just disposition of the litigation, courts generally deny such motions to strike." *Cestra v. Mylan, Inc.*, No. 14-825, 2015 WL 2455420, at *7 (W.D. Pa. May 22, 2015) (quoting *Eisai Co. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 425 (D.N.J. 2009), *as amended* (July 6, 2009)).

C. MOTION FOR MORE DEFINITE STATEMENT

Federal Rule of Civil Procedure 12(e) often serves as a corollary to pleading standards under Rule 8(a). Rule 8(a) provides that a complaint must include "a short and plain statement of the grounds for the court's jurisdiction[;] … the claim showing that the pleader is entitled to relief; and … a demand for the relief sought, which may include … different types of relief." Fed. R. Civ. P. 8(a). Where the complaint is lacking in this regard:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e).

"A motion for a more definite statement is not a substitute for the discovery process," and such motions are disfavored. *Wheeler v. United States Postal Service*, 120 F.R.D. 487, 488 (M.D. Pa. 1987). A motion for more definite statement is typically only granted where pleadings are "unintelligible or if it is virtually impossible for the opposing party to craft a responsive pleading." *Maya v. Chertok,* No. 1:15-CV-00484, 2015 WL 5254377, at *2 (M.D. Pa. Sept. 9, 2015) (quoting *Morris v. Kesserling,* No. 1:09-CV-1739, 2010 WL 4362630, at *1 (M.D. Pa. Oct. 27, 2010), *aff'd sub nom. Morris v. Kesselring,* 514 F. App'x 233 (3d Cir.

5

2013) (quotations omitted)); *see Schaedler v. Reading Eagle Publ'n*, 370 F.2d 795, 798 (3d Cir. 1966) (such motions are "directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading"). The opposing party must be unable to respond "even with a simple denial[ ] in good faith or without prejudice to himself." *Brueggman v. Fayette Cnty., Pennsylvania*, No. CIV.A. 95-446, 1995 WL 606796, at *4 (W.D. Pa. Aug. 17, 1995); *see Kimberton Healthcare Consulting, Inc. v. Primary PhysicianCare, Inc.,* No. CIV.A. 11-4568, 2011 WL 6046923, at *3 (E.D. Pa. Dec. 6, 2011) ("a motion for a more definitive statement is generally … used to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail" (quotations omitted)).

The Third Circuit has, however, "highlighted the usefulness of a motion for a more definite statement when a complaint does not disclose the facts underlying a plaintiff's claim for relief such that the defendant cannot reasonably be expected to frame a proper, fact-specific defense." *Miller v. Atl. Freight Sys., Inc.,* No. 1:11-CV-01954, 2013 WL 1308235, at *3 (M.D. Pa. Jan. 29, 2013), *report and recommendation adopted sub nom. Miller v. Atl. Freight Sys.*, No. 1:11-CV-1954, 2013 WL 1292907 (M.D. Pa. Mar. 28, 2013*)* (citing *Thomas v. Independence Twp.*, 463 F. 3d 285, 301 (3d Cir. 2006)). In this circumstance, "the Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to obtain the factual basis underlying a plaintiff's claim for relief." *Thomas*, 463 F.3d at 301. These motions are largely committed to the discretion of the trial court. *Maya*, 2015 WL 5254377, at *2.

**III.   DISCUSSION**

Defendants argue that the Bascombs' claims for punitive damages should be dismissed because they have failed to support those with factual allegations and that this Court should strike the Bascombs' allegations involving regulatory or statutory violations in Paragraphs 30(l) and (m), 33(h), (l)-(n), (q), (u), and 36(h), (l)-(n), (q), and (u) of the complaint because these Paragraphs are too vague and ambiguous for Defendants to adequately mount a defense. (Doc. 9, at 7, 15). In the alternative, Defendants seek a more definite statement as to the claims contained in the challenged Paragraphs. (Doc. 9, at 16). The Bascombs submit that they have met their burden to sufficiently plead all their claims and thus Defendants' motion should be denied. (Doc. 10, at 3-4). The Court will address each issue in turn.

  A. DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES

Defendants argue that the Bascombs' punitive damages claims should be dismissed because they lack sufficient factual support. (Doc. 9, at 21). In response, the Bascombs aver that it would be improper to "at this nascent stage of the litigation—to dismiss Plaintiffs' allegations of reckless conduct and request for the imposition of punitive damages." (Doc. 10, at 6). Further, the Bascombs submit that "Pennsylvania courts have routinely denied defense challenges at the pleading stage to requests for punitive damages, provided that the Complaint generally avers reckless conduct." (Doc. 10, at 7). The Bascombs submit that dismissal of their punitive damages claims at this juncture would be premature. (Doc. 10, at 6-7).

Under applicable Pennsylvania law, punitive damages are proper "only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." *Hutchison v. Luddy*, 582 Pa. 114, 121 (2005). Although ordinary negligence will not

7

support an award of punitive damages, "punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the parties injured." *Luddy*, 582 Pa. at 120 (citing Restatement (Second) of Torts § 908 (1979)). "The state of mind of the actor is vital." *Luddy*, 582 Pa. at 122 (internal citations omitted). Thus, a review of the actor's intent and/or whether they acted with reckless indifference is necessary to determine the requisite mental state. *See Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 235 (3d Cir. 1997); *see also Youells v. Dzakpasu*, No. 3:19-CV-633, 2019 WL 3046300, at *5 (M.D. Pa. June 24, 2019), *report and recommendation adopted*, No. 3:19-CV-633, 2019 WL 3063530 (M.D. Pa. July 11, 2019).

"In motor vehicle accident cases where claims for punitive damages are pleaded by plaintiffs, defendants often invite courts to dismiss these punitive damage claims." *Youells*, 2019 WL 3046300, at *5. These courts have cited the need for discovery as a basis for denying the motions to dismiss punitive damages claims. *See e.g., Ferranti v. Martin*, No. 3:06-CV-1694, 2007 WL 111272, at *2 (M.D. Pa. Jan. 19, 2007) (finding, in a claim relating to a tractor-trailer accident, that the plaintiff had pled sufficient allegations to require discovery). "As a general rule, the courts have deemed such motions to dismiss punitive damages claims to be premature and inappropriate where, as here, the complaint alleges reckless conduct." *Youells*, 2019 WL 3046300, at *6. This considered, and having reviewed the complaint in the light most favorable to the Bascombs, the Court concludes that it would be improper to dismiss the punitive damages claims at this time. The Bascombs allege that Defendants acted recklessly by failing to abide by rules of the road, failing to maintain control over the implicated tractor-

trailer, failing to maintain a prudent speed, operating the tractor-trailer in a careless manner, and failing to implement certain safety policies, procedures, and systems, among other specific allegations of reckless behavior. (Doc. 1-1, at 15-18). These allegations of recklessness are sufficient at this early stage of the litigation. Furthermore, as opined by many courts in this district and beyond, the factual questions which inform a punitive damages decision require discovery, and thus Bascombs should be afforded the opportunity of a fully developed record before a punitive damages determination is made. *See Cobb v. Nye*, No. 4:14-CV-0865, 2014 WL 7067578 (M.D. Pa. Dec. 12, 2014) ("Discovery is necessary to make the determination of whether Defendants' actions were merely negligent or whether they were outrageous. Consequently, dismissal at this juncture in the litigation is premature."); *see also C.M. by & through McMillen v. Am. Honda Motor Co.*, No. 3:23-CV-00119, 2024 WL 1382760, at *7 (W.D. Pa. Apr. 1, 2024); *see also Shelton v. Gure*, No. 3:19-cv-0843, 2019 WL 4168868, at *5 (M.D. Pa. Sept. 3, 2019) ("At this [motion-to-dismiss] stage in the litigation, . . . Plaintiffs' allegations of recklessness are sufficient. As a result, Plaintiffs' request for punitive damages will not be dismissed."). Defendants' motion to dismiss the Bascombs' punitive damages claim is therefore **DENIED**. (Doc. 8).

### B. DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' REGULATORY OR STATUTORY VIOLATION CLAIMS

Defendants ask that this Court strike the following paragraphs from the complaint: 30(l) and (m), 33(h), (l)-(n), (q), (u), and 36(h), (l)-(n), (q), and (u). (Doc. 9, at 16-17). In the alternative, Defendants request a more definite statement. (Doc. 9, at 16-17). Defendants argue that in these paragraphs, the Bascombs "have generally alleged that Defendant Jackson and/or Defendant R&L violated unidentified provisions of the Federal Motor Carrier Safety

9

Regulations and other unidentified statutory provisions." (Doc. 9, at 16). Additionally, Defendants assert that there are "an extraordinary number of statutes, rules, and policies, that govern all manners of operation of commercial motor vehicles." (Doc. 9, at 17). The Bascombs respond by stating "[o]nce again, the detail Moving Defendants erroneously suggest is missing from Plaintiffs' Complaint is evidentiary detail, and the appropriate subject of discovery." (Doc. 10, at 12).

Rule 12(f) permits the Court to strike "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from the parties' pleadings. Fed. R. Civ. P. 12(f). "Partly because of the practical difficulty of deciding cases without a factual record, it is well established that striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *N. Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 158 (E.D. Pa. 1994); *see also C.M. by & through McMillen v. Am. Honda Motor Co.*, No. 3:23-CV-00119, 2024 WL 1382760, at *10 (W.D. Pa. Apr. 1, 2024). Still, "'[d]istrict courts possess great discretion in disposing of a motion to strike.'" *McMillen*, No. 3:23-CV-00119, 2024 WL 1382760, at *10 (quoting *Wirt v. Bon-Ton Stores, Inc.*, 134 F. Supp. 3d 852, 857 (M.D. Pa. 2015)).

Here, Defendants do not argue that the challenged paragraphs are "redundant, impertinent, or scandalous," instead referring to them as vague and ambiguous. While the Court's power under Rule 12(f) is discretionary, the Court here remains cognizant of the fact that the Court's use of its striking power is highly disfavored. *See Hadek Protective Sys. B.V. v. Ergon Asphalt & Emulsions, Inc.*, No. 2:22-cv-01421, 2023 WL 7002567, at *12 (W.D. Pa. Oct. 24, 2023). The Court also finds that allowing the paragraphs to remain in the complaint would

not be prejudicial to Defendants. *See Sheats v. Ohio Sec. Ins.* Co., No. 3:21-CV-01607, 2022 WL 3088094, at *3 (M.D. Pa. Aug. 3, 2022) ("Defendants' motion to strike these paragraphs is denied as there is no prejudice to the paragraphs remaining in the complaint and the paragraphs are related to the controversy."). Thus, the Court here finds striking them would not be appropriate and Defendants' motion to strike under Rule 12(f) will be **DENIED**. (Doc. 10); *see Cestra v. Mylan, Inc.*, No. 14-825, 2015 WL 2455420, at *7 (W.D. Pa. May 22, 2015) ("[w]hen faced with allegations that could possibly serve to achieve a better understanding of plaintiff's claims or perform any useful purpose in promoting the just disposition of the litigation, courts generally deny such motions to strike.").

Turning next to Defendants' request for a more definite statement under Rule 12(e), Defendants aver that due to the volume of statutes and regulations policing drivers, the Bascombs' allegations in the challenged paragraphs should be more definitely pled. (Doc. 9, at 17). In response, the Bascombs cite to another case decided in this district, *Cobb v. Nye*, in which the Court reviewed similar paragraphs and concluded "Plaintiffs need not, at this stage, plead with particularity the exact statutes and regulations that they are charging Defendants with violating." (Doc. 10, at 13-14); 2014 WL 7067578, at *5.

Under Rule 12(e) of the Federal Rules of Civil Procedure,

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

11

Fed. R. Civ. P.12(e).

The district court has discretion over whether to grant a Rule 12(e) motion. *Nicholas v. CMRE Fin. Servs., Inc.*, No. 08-4857JLL, 2009 WL 1652275, at *1 (D.N.J. June 11, 2009). Rule 12(e) motions are typically only granted where pleadings are "unintelligible or if it is virtually impossible for the opposing party to craft a responsive pleading." *Maya v. Chertok*, No. 15-00484, 2015 WL 5254377, *2 (M.D. Pa. Sept. 9, 2015).

Here, the Court finds that the Bascombs' allegations are sufficiently vague as to warrant a more definite statement. At issue are the following provisions of the complaint:

> 30. The negligence, carelessness and/or recklessness of the Defendant, Johnnie L. Jackson, II, individually and/or acting as the agent, servant, worker and/or employee of Defendant R&L Carriers, Inc. and/or Defendant Greenwood Motor Lines, Inc. consisted of the following:
> . . .
> l. In then and there failing to operate the tractor trailer in accordance with the requirements of the FMCSR
> m. In then and there violating laws of the Commonwealth of Pennsylvania regarding the operation of motor vehicles and/or tractor trailer units;
>
> . . .
>
> 33. The negligence, carelessness and/or recklessness of the Defendant R&L Carriers, Inc., individually and/or by and through its above-named eri1ployees, agents and/or servants, and as agent, servant, worker and/or employee of Co-Defendant Greenwood Motor Lines, Inc., Individually and/or d/b/a R&L Carriers, consisted of the following:
> . . .
>
> l. In then and there failing to ensure that its personnel and drivers were aware of the requirements of the FMCSR and the Pennsylvania Motor Vehicle Code;
> m. In then and there failing to ensure that its employees, drivers, and/or agents complied with the provisions of both the Pennsylvania Motor Vehicle Code and the FMCSR;

      n. In then and there failing to ensure that its employees, drivers, and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

      . . .

      q. In then and there violating Federal and State law and regulations regarding the responsibilities of motor carriers and the operation of motor vehicles;

      . . .

      u. In then and there hiring and continuing to employ Co-Defendant Johnnie L. Jackson II despite the fact that it knew or should have known that he was unfamiliar with the requirements and dictates of the FMC SR and the Pennsylvania Motor Vehicle Code;

      . . .

      36. The negligence, carelessness and/or recklessness of the Defendant Greenwood Motor Lines, Inc., Individually and d/b/a R&L Carriers, individually, by and through its abovenamed employees, agents and/or servants, and as agent, servant, worker and/or employee of Co-Defendant R&L Carriers, Inc., consisted of the following:

      l. In then and there failing to ensure that its personnel and drivers were aware of the requirements of the FMC SR and the Pennsylvania Motor Vehicle Code;

      m. In then and there failing to ensure that its employees, drivers, and/or agents complied with the provisions of both the Pennsylvania Motor Vehicle Code and the FMCSR;

      n. In then and there failing to ensure that its employees, drivers, and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

      . . .

      q. In then and there violating Federal and State law and regulations regarding the responsibilities of motor carriers and the operation or motor vehicles[.]

(Doc. 1-1).

13

These allegations are arguably vague and sweeping, and thus, "[t]here is a need to identify the rules, regulations, and laws that have allegedly been violated." *See Pozarlik v. Camelback Assocs., Inc.*, No. 3:11-CV-1349, 2011 WL 6003841 (M.D. Pa. Nov. 30, 2011). Thus, "as currently pleaded, [are insufficient to] put the defendants on notice of the statutes and/or rules it will be required to defend against." *Harvell v. Brumberger*, No. 3:19-CV-2124, 2020 WL 6947693, at *11 (M.D. Pa. Nov. 4, 2020), *report and recommendation adopted*, No. 3:19-CV-2124, 2020 WL 6946575 (M.D. Pa. Nov. 25, 2020); *see also Carson v. Tucker*, No. 20-399, 2020 WL 1953655 (E.D. Pa. Apr. 23, 2020). This significantly hinders Defendants' ability to mount a defense. *See Menichini v. Freehold Cartage, Inc.*, No. 3:22-CV-01532, 2024 WL 1356699, at *10 (M.D. Pa. Mar. 29, 2024). Accordingly, the Court will **GRANT** Defendants' motion for a more definite statement as to the paragraphs detailed above. *See Williams v. CW Transp., LLC*, No. 3:21-CV-01044, 2021 WL 6197801, at *5 (M.D. Pa. Dec. 31, 2021) (granting a motion for a more definite statement because challenged allegations in the complaint did not detail specific statutes and/or ordinances allegedly violated by defendants).

### IV.   LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp., et al.*, 293 F.3d 103, 108 (3d Cir. 2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). The

14

Bascombs may be able to cure the defects identified in the complaint with a more detailed pleading. Accordingly, the Court will grant the Bascombs leave to re-plead the allegations in Paragraphs 30(l) and (m), 33(h), (l)-(n), (q), (u), and 36(h), (l)-(n), (q), and (u) in accordance with this Memorandum. Specifically, the Bascombs shall have the opportunity to set forth the specific statutes or regulations they allege Defendants violated. *See Harvell*, 2020 WL 6947693, at *11. The Bascombs shall have 28 days from the date of this Memorandum to file an amended complaint in accordance with the directives of this Memorandum and accompanying Order.

V. **CONCLUSION**

Based on the foregoing, Defendants' motions to dismiss and to strike are **DENIED.** (Doc. 8). Defendants' motion for more definite statement is **GRANTED**. (Doc. 8). The Bascombs are granted **28 days** to file an amended complaint, in accordance with this Memorandum, on or before March 11, 2025.

An appropriate Order follows.

BY THE COURT:

**Date: February 11, 2025**               *s/Karoline Mehalchick*
                                          **KAROLINE MEHALCHICK**
                                          **United States District Judge**